UTICA, July, 1836.<br>Ford<br>v.<br>Walsworth.

Judgment for the defendant.

---

FORD & FORD *vs,* WALSWORTH.

To give validity to a deed of lands, executed under a sale by virtue of a *surrogate's order,* it must be affirmatively shown that *an account of the personal estate and of the debts of the testator or intestate* was presented to the surrogate; it is not enough that the presentment of such account, and the adjudication of the surrogate thereon are *recited* in the order of sale, even though the surrogate testifies that he has no doubt that all the proceedings thus recited actually were had.

THIS was an action of ejectment tried at the Cortland circuit in June, 1834, before the Hon. ROBERT MONELL, one of the circuit judges.

The suit was brought to recover *two-fifths* of a lot of land whereof *Revilo Ford*, the father of the plaintiffs, died seized in July, 1820, leaving the plaintiffs and three other children his heirs at law. The defence set up was a deed of the premises under a sale by virtue of a *surrogate's order*, made on the 7th March, 1821, by *Adin Webb*, then surrogate of the county of Cortland: which deed bore date on the 7th May, 1821, and was executed by the *administrators* of the estate of Revilo Ford to Henry L. Beach, from whom the defendant derived title. The deed recited the order of sale made by the surrogate, which set forth the substance of the *petition* of the administrators, stating that they had made a just and true account of the

UTICA,
·July, 1836

Ford
v.
Walsworth.

personal estate and an estimate of the debts of the intestate, by which it appeared that the personal estate was insufficient to pay the debts·; and also stating the adjudication of the surrogate thereon, that the personal estate had been exhausted in the payment of debts. The defendant produced the *letters of administration* and the *petition* of the administrators for the sale of the real estate of the intestate, found in the surrogate's office, and proved by Adin Webb, surrogate of the county of Cortland in 1821, that he recollected the presentation of the petition for the sale of the real estate ; that the orders recited in the deed were made by him in writing and under the seal of his office ; that whilst he was surrogate he was not in the habit of entering the orders for the sale of real estate, but that he believed and had no doubt that *all the proceedings contained in the recitals of the deed were had as therein stated and set forth.* Other evidence was also given to show the fairness of the sale ; but there was no proof that an *account of the personal estate and of the debts of the intestate* was presented to the surrogate on the application to him for aid in the premises. When the proofs were closed, the judge decided that the evidence given on the part of the defendant was sufficient to *bar the plaintiffs* of the action. The plaintiffs excepted. The jury, under the charge of the judge, found a verdict for the *defendant.* The plaintiffs, at the last · October term, asked for a new trial.

THE COURT, after advisement, held that the omission to present to the surrogate *an account of the personal estate and of the debts of the intestate,* was a fatal defect in the proceedings ; and it was not shown on the trial that such *account* was presented to the surrogate when applied to for aid in the premises, it did not appear that he had *jurisdiction* in the matter, and that therefore a new trial ought to be granted.

*Greene C. Bronson,* (attorney general,) for the plaintiffs.

*S. Stevens,* for the defendant.