E. SMALL and Wife, and R. GRISWOLD *vs.* BENJAMIN CROM-
WELL, impl'd with JESSE CROMWELL.

To show the jurisdiction of a surrogate to order a sale of the lands of an intes-
tate, it must appear that an account of the personal estate and debts had
been presented at the time of the application for an order to show cause
why a sale should not be made. (a)

EJECTMENT for part of a lot of land in the town of Herki-
mer. The plaintiffs, R. Griswold and Mary, the wife of
Small, are the children of Joab Griswold, who died 20th
August, 1811, seized of the premises. He left six children
at his decease, two of whom have since died intestate, and
unmarried. R. Griswold, one of plaintiffs, was born 22d
December, 1800; Mary, the wife of Small, was born in
February, 1809, and married in January, 1829.

Defendant proved, 1. A deed from M. & M. Myers to
N. Ethridge, dated August 24, 1815, for the consideration
of $528.75, reciting at full length an order of the surrogate
of Herkimer county, dated May 25, 1812, which recites a
prior order for publication, and notice to show cause, and
directing M. & M. Myers, executors, to sell and convey so
much of the real estate of J. Griswold, deceased, as should
be sufficient to pay the remaining debts, &c., which deed
conveyed to Ethridge in fee the premises in question. 2. A
deed in fee from N. Ethridge and wife to Jesse Cromwell,
dated December 31, 1828, for consideration of $1000. 3. A
deed from Jesse Cromwell to Truman Cromwell, dated Feb-
ruary, 1829, for like consideration. 4. A lease from T.
Cromwell to B. Cromwell, dated February 12, 1842, for the
natural life of Jesse Cromwell. B. Cromwell was in posses-
sion at the commencement of this suit, October 22, 1842.

It was admitted that Jesse Cromwell is still living, and
that N. Ethridge took possession under his deed and occu-

(a) See *Bloom* v. *Burdick*, 1 Hill, 130; *The People* v. *Corlies*, 1 Sandf., 228.

pied down till he conveyed to J. Cromwell, and that the possession has been held under this title ever since.

It was proved that no papers could, after diligent search, be found in the surrogate's office respecting the proceedings for sale under the order of surrogate, except the order recited in the deed to N. Ethridge.

Upon this state of the case, the plaintiffs insisted that the deed from M. & M. Myers to Ethridge was ineffectual to convey the title out of the heirs; and though sufficient upon which to ground an adverse possession, as the two children who are plaintiffs were under age at the time, the statute did not begin to run till the disability was removed; and that the twenty-five years had not elapsed since that period.

The judge ruled accordingly, and verdict passed for the plaintiffs. Defendants excepted, and now move for a new trial on a bill of exceptions.

*By the Court*, NELSON, Ch. J. The failure to prove that an account of the personal estate and of the debts of the intestate had been presented to the surrogate at the time of the application for the order to show cause why a sale of the estate should not be made, was fatal to the jurisdiction of the officer, and of consequence to the authority of M. & M. Myers to convey to Ethridge. (15 Wend., 449; 19 id., 334; 1 Hill, 130.) And the suit was brought within time after the removal of the disability of infancy under which both the plaintiffs were laboring at the time the title accrued. (1 R. L., 1813, p 185, §2.)

New trial must be denied.